## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**JAMEL COOPER**                                                     **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:18CV346-HTW-LRA**

**NISSAN NORTH AMERICA, INC.**                          **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On May 29, 2018, Jamel Cooper [hereinafter "Plaintiff" or "Cooper""] filed a Complaint in the above styled cause against his former employer Nissan North America, Inc., claiming civil rights violations. Although Cooper paid his filing fees on the date of filing, and caused the Clerk to issue process, he has never served Defendant with the summons or Complaint. Over a year has passed since he filed his Complaint.

The undersigned entered an Order to Show Cause [3] on May 1, 2019, directing Plaintiff to show cause as to why no service had been made upon Defendant within 90 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff was given until June 3, 2019, to show cause; no response has been filed.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute its case by not having caused process to be served within 90 days after filing the Complaint.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that

>service be made within a specified time. But if the plaintiff
>shows good cause for the failure, the court must extend the time
>for service for an appropriate period. ...

As stated, Plaintiff filed this case on May 29, 2018, over one year ago. The time period for serving process originally expired on or about August 30, 2018, 90 days after the Complaint was filed. Plaintiff has made no request for additional time to serve process, nor did he respond to the Order to Show Cause.

For these reasons, it is the recommendation of the undersigned that this case should be dismissed without prejudice due to Plaintiff's failure to have process served within the time required by FED. R. CIV. P. 4(m).

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of June 2019.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE